Filed 7/22/24  In re K.H. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re K.H., et al., Persons Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>T.T.,<br><br>    Defendant and Appellant. | G063700<br><br>(Super. Ct. No. 18DP0696A, 21DP1106)<br><br>O P I N I O N |

Appeal from orders of the Superior Court of Orange County, Lindsey E. Martinez, Judge.  Conditionally reversed and remanded with directions.

Patricia K. Saucier, under appointment by the Court of Appeal, for Defendant and Appellant.

Leon J. Page, County Counsel, Debbie Torrez and Deborah B. Morse, Deputy County Counsels, for Plaintiff and Respondent.

No appearance for the Minors.

\*          \*          \*

Mother appeals from juvenile court orders terminating parental rights as to her two children following a hearing held under Welfare and Institutions Code section 366.26.[1]  She contends the Orange County Social Services Agency (SSA) and the court failed to comply with their respective obligations under the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.; ICWA).  SSA concedes the errors and acknowledges the challenged orders must be conditionally reversed.  We conclude conditional reversal for the sole purpose of ICWA compliance is required because the juvenile court failed to make any finding regarding the applicability of ICWA prior to terminating parental rights.  Accordingly, we remand the matter for compliance with ICWA, including a determination of whether SSA fulfilled its initial and further inquiry duties.

## FACTS

SSA's child welfare related involvement with mother dates to 2018.  In June 2018, SSA removed her then three-year-old daughter, K.H., from her care based on allegations of a failure to protect and no provision of support.  Roughly six months later, the juvenile court declared K.H. a dependent and returned her to mother under family maintenance services.

---

[1]     All further statutory references are to the Welfare and Institutions Code.

2

Following a couple of review hearings at which family maintenance services were ordered to be continued, the court terminated dependency. Mother was given sole physical custody and K.H.'s father was given specified visitation.

In August 2021, SSA received a substantiated referral for general neglect of K.H. by mother after the minor was found alone at a park. Upon being located, mother stated she fell asleep because she was pregnant and tired. K.H. was returned to her.

Roughly one month later, in September 2021, mother was admitted to the hospital and tested positive for benzodiazepines, opiates, and tetrahydrocannabinol (THC). Five days later, mother gave birth to K.T.; the father's name was known, but his exact whereabouts were not. That same day, mother again tested positive for opiates and THC; she was not given anything during the labor and delivery process that would have led to those results.

Following birth, K.T. showed symptoms of withdrawal, including poor sleep and feeding, sneezing, and tremors. Mother admitted to having used THC, Valium, and Norco until the 29th week of pregnancy, which is when she learned she was pregnant, but denied further use thereafter. She said the prescription drugs had been prescribed to her by a pain management doctor following a July 2020 major car accident.

A few days after K.T. was born, SSA successfully sought a protective custody warrant to remove her and K.H. from mother and their respective fathers. Thereafter, SSA filed a dependency petition alleging there was a substantial risk of harm to the children due to, inter alia, mother's unresolved substance abuse, including prescription drugs, K.H.'s presumed father's lack of involvement in her life since the 2018 dependency proceedings, and K.T.'s alleged father's unknown whereabouts.

3

At the detention hearing, the juvenile court found ICWA may apply based on information provided by mother and K.H.'s father. K.H.'s father claimed Cherokee ancestry, and mother believed she had Blackfoot tribe heritage. The court ordered SSA to investigate further, as well as provide notice to the relevant tribes and the Bureau of Indian Affairs. Regarding detention, the court ordered the children be detained, providing for eight hours of supervised visitation with mother and eight hours of supervised visitation between K.H. and her father.

At the subsequent jurisdiction and disposition hearing held in February 2022, the court sustained the petition, assumed jurisdiction over the children, and ordered them removed from mother. In addition, it ordered mother be provided with reunification services, to include counseling, parenting education, substance abuse treatment, random drug testing, a 12-step program, and supervised visitation.

Over the course of the next 12 months, mother's participation in services and visitation with the children was inconsistent. Observations by those involved led SSA to continue to be concerned about mother's unresolved substance abuse and ability to care for the children. K.H.'s father did not engage in services or participate in visitation; for a portion of the time he was incarcerated in an Orange County jail.

After many continuances of the six-month review hearing, and a few continuances of the twelve-month review hearing, the juvenile court held both review hearings at the same time in April 2023. Based on details provided in SSA reports and addenda thereto, the court found mother made minimal progress with services and K.H.'s father had made no progress. Consistent with SSA's longstanding recommendation, it terminated reunification services and scheduled a section 366.26 termination hearing for

4

August 2023.  Pursuant to an agreement among counsel, SSA left open mother's then existing referrals pending the termination hearing.

On the scheduled termination hearing date, mother filed a section 388 petition requesting return of the children to her custody, or alternatively, additional reunification services.  She claimed she had been participating in services and had a successful surgery which would allow her to begin reducing her reliance on pain medications.  The court set a hearing on mother's petition for a couple of weeks later, but the matter was continued a few times thereafter.

An evidentiary hearing concerning the section 388 petition was eventually held on the same date as the section 366.26 termination hearing, in December 2023.  After hearing testimony from mother and considering a variety of documentary exhibits, the court found mother had not met her burden on the section 388 petition.  It also concluded termination of parental rights was appropriate and ordered the children be placed for adoption.

Mother timely appealed.

## DISCUSSION

The sole issue raised by mother on appeal is whether SSA and the juvenile court complied with their respective obligations under ICWA. She contends SSA's initial and further inquiries were deficient, and she asserts the juvenile court erred by failing to make an ICWA determination prior to terminating parental rights.  Though disagreeing with some of mother's analysis, SSA concedes the ICWA errors and acknowledges conditional reversal of the parental rights termination is required to allow for ICWA compliance.  We agree the court erred by failing to make a finding concerning ICWA's applicability prior to terminating parental rights; we leave the remaining matters for resolution by the juvenile court on remand.

5

"'ICWA is a federal law giving Indian tribes concurrent jurisdiction over state court child custody proceedings that involve Indian children living off of a reservation. [Citations.] Congress enacted ICWA to further the federal policy '"that, where possible, an Indian child should remain in the Indian community . . . ."'"' (*In re A.R.* (2022) 77 Cal.App.5th 197, 203.) To that end, the federal regulatory scheme implementing ICWA requires the provision of certain notice to "ensure[] that an Indian tribe is aware of its right to intervene in or, where appropriate, exercise jurisdiction over a child custody proceeding involving an Indian child." (*In re Isaiah W.* (2016) 1 Cal.5th 1, 8 (*Isaiah W.*); see *In re J.C.* (2022) 77 Cal.App.5th 70, 77 (*J.C.*).)

In California, section 224.2 "codifies and elaborates on ICWA's requirements of notice to a child's parents or legal guardian, Indian custodian, and Indian tribe, and to the [Bureau of Indian Affairs]." (*Isaiah W., supra*, 1 Cal.5th at p. 9.) More specifically, the statute "creates three distinct duties regarding ICWA in dependency proceedings. First, from [SSA]'s initial contact with a minor and [their] family, the statute imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child. [Citation.] Second, if that initial inquiry creates a 'reason to *believe*' the child is an Indian child, then [SSA] 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.' [Citation.] Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply." (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.)

"'"The juvenile court must determine whether proper notice was given under ICWA and whether ICWA applies to the proceedings."'

6

[Citation.] "If the court makes a finding that proper and adequate further inquiry and due diligence as required in [section 224.2] have been conducted and there is no reason to know . . . the child is an Indian child, the court may make a finding that [ICWA] does not apply to the proceedings, subject to reversal based on sufficiency of the evidence.""" (*J.C., supra*, 77 Cal.App.5th at p. 78.)  It bears emphasizing, a determination concerning ICWA's applicability must be made prior to termination of parental rights even if the court previously found ICWA inapplicable.  (*In re G.A.* (2022) 81 Cal.App.5th 355, 361-362; *In re Jennifer A.* (2002) 103 Cal.App.4th 692, 704-705.)

Here, the juvenile court did not make any oral or written ICWA findings at the termination of the parental rights hearing.  Indeed, no mention of ICWA was made at that time.  And, the court's only prior finding concerning ICWA, made at the detention hearing, was that it may apply.  On such a record, we must conclude the court erred, and the challenged orders must be conditionally reversed to allow for ICWA compliance.  (See *In re L.S.* (2014) 230 Cal.App.4th 1183, 1197 [failure to determine whether ICWA applies is prejudicial error]; *In re E.W.* (2009) 170 Cal.App.4th 396, 405 [implicit finding ICWA does not apply is sufficient only "as long as the reviewing court can be confident that the juvenile court considered the issue and there is no question but that an explicit ruling would conform to the implicit one"].)

Because the court did not make any ICWA finding in the first instance, it would be premature to consider mother's arguments concerning adequacy of the initial and further inquiries.[2]  Those matters may be raised

_____

[2]    For this reason, we do not detail all the facts concerning the initial and further inquiries conducted by SSA.

in, and considered by, the juvenile court on remand, though SSA's concession on appeal concerning the inquiry deficiencies may obviate the need to do so. Because the children have been without permanency and stability for nearly three years since being removed from mother's care, we strongly urge the juvenile court, SSA and counsel to diligently satisfy ICWA's requirements and avoid unnecessarily delaying resolution of these dependency matters.

## DISPOSITION

The orders terminating parental rights are conditionally reversed and the matter is remanded to the juvenile court. On remand, the court shall conduct further proceedings, as necessary, for the limited purpose of ensuring full compliance with ICWA and related California law. If the court finds, after proper inquiry and notice, that the children are not Indian children, as defined by ICWA, the orders terminating parental rights shall be reinstated. Alternatively, if the court determines ICWA applies, the court shall vacate the orders terminating parental rights and conduct further proceedings consistent with ICWA.


DELANEY, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.

8